IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:11CR017 |
| | ) | |
| JUSTIN GLYNN FRENCH, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Michael R. Gill, Assistant United States Attorney, the defendant, Justin Glynn French, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to plead guilty to Counts 1 and 2 of the information. Count 1 charges the defendant with **Wire Fraud**, in violation of Title 18, United States Code, Section 1343. The maximum penalties for this offense are, a maximum term of 20 years of imprisonment, a fine of $250,000, full restitution, a mandatory special assessment, and 3 years of supervised release. Count 2 charges the defendant with **Engaging in Unlawful Monetary Transactions**, in violation of Title 18 United States Code, Section 1957(a). The maximum penalties for this offense are, a maximum term of 10 years of imprisonment, a fine of $250,000 or twice the amount of criminally derived property involved in the transaction, a special assessment, and 3 years of supervised release. The defendant understands that this

supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

## 2.    Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

Pursuant to Rule 11(c)(1)(B), the parties agree that the total amount of intended and actual losses resulting from the scheme are more than $7,000,000, but less than $20,000,000. The defendant understands that this agreement is merely a recommendation and is not binding on the sentencing judge.

## 3.    Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a.    the right to plead not guilty and to persist in that plea;

b.    the right to a jury trial;

c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

2

d.    the right at trial to confront and cross-examine adverse witnesses, to be

protected from compelled self-incrimination, to testify and present

evidence, and to compel the attendance of witnesses.

**4.    Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any

sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a).  The defendant understands

that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant

may have received from the defendant's counsel, the United States, or the Probation Office, is a

prediction, not a promise, and is not binding on the United States, the Probation Office, or the

Court.  Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S.

Ct. 738 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may

impose a sentence above or below the advisory sentencing range, subject only to review by

higher courts for reasonableness.  The United States makes no promise or representation

concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty

plea based upon the actual sentence.

**5.    Waiver of Appeal**

The defendant also understands that Title 18, United States Code, Section 3742 affords a

defendant the right to appeal the sentence imposed.  Nonetheless, the defendant knowingly

waives the right to appeal the conviction and any sentence within the statutory maximum

described above (or the manner in which that sentence was determined) on the grounds set forth

3

in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

### 6.     Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 7.     Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Sections 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8.     Restitution

Pursuant to 18 U.S.C. §3663A(a)(3) the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Pursuant to 18 U.S.C. § 3663A(c)(2), the

4

defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the criminal information, statement of facts or any related or similar conduct shall be entitled to restitution.

The parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90 day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

### 9.    The Defendant's Obligations Regarding Assets Subject to Forfeiture

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest that are proceeds of or involved in the offense charged in the criminal information or that could constitute a substitute asset for such property. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by·the defendant.  The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

### 10.    Forfeiture Agreement

The defendant agrees to forfeit all interests in any fraud related asset, including proceeds of the offense described in Count One, that the defendant owns or over which the defendant

exercises control, directly or indirectly, as well as any property that is traceable to, derived from,

fungible with, or a substitute for property that constitutes the proceeds of his offense, including

but not limited to the following specific property:

> **the sum of at least $7,000,000.00 representing the proceeds of the offense outlined in Count One of this Criminal Information;**
>
> **the sum of $25,000.00 as evidenced by check number 22333 payable to "Justin French" issued by Seminole Hardrock Hotel & Casino Hollywood;**
>
> **72.7417 shares of stock in Synergy Systems, Inc., as evidenced by a stock certificate in the name of "Justin G. French;"**
>
> **500 shares of Hampton Roads Bankshares, Inc., preferred stock as evidenced by a stock certificate in the name of "Justin G. French;"**
>
> **Personal property of French Consulting and/or Justin French previously located at 1312 and 1314 East Cary Street, Richmond, Virginia, more particularly described in Attachment C;**
>
> **Real property and improvements, known as 330 Oak Lane, Richmond, Virginia 23226;**
>
> **Defendant's interest in various corporate entities, partnerships and Limited Liability Corporations;**
>
> **Assorted artwork more particularly described in Attachment A; and**
>
> **Assorted furniture more particularly described in Attachment B.**

The defendant further agrees to waive all interest in the assets in any administrative or

judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to

consent to the entry of orders of forfeiture for such property and waives the requirements of

Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the

charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the

sentence that may be imposed in this case.

**11.     Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges in any

manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out

in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes

an excessive fine or punishment.  The defendant also waives any failure by the Court to advise

the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by

Rule 11(b)(1)(J).  The defendant agrees to take all steps as requested by the United States to pass

clear title to forfeitable assets to the United States, and to testify truthfully in any judicial

forfeiture proceeding.  The defendant understands and agrees that all property covered by this

agreement is subject to forfeiture as proceeds of illegal conduct, property involved in illegal

conduct, or substitute assets for property otherwise subject to forfeiture.

**12.     Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern

District of Virginia for the specific conduct described in the statement of facts or for the other

nonviolent conduct the government has knowledge of at the time of this agreement.

**13.     Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide

all information known to the defendant regarding any criminal activity as requested by the

government.  In that regard:

        a.      The defendant agrees to testify truthfully and completely at any grand

                juries, trials or other proceedings.

7

b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d. The defendant agrees that, upon request by the United States, the defendant will voluntarily submit to polygraph examinations to be conducted by a polygraph examiner of the United States' choice.

e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g. Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

**14. Use of Information Provided by the Defendant Under This Agreement**

Pursuant to Section 1B1.8 of the Sentencing Guidelines, no truthful information that the defendant provides pursuant to this agreement will be used to enhance the defendant's guidelines

8

range.  Furthermore, the United States agrees not to use any truthful information provided

pursuant to this agreement against the defendant in any other criminal prosecution in the Eastern

District of Virginia.  The United States will bring this plea agreement and the full extent of the

defendant's cooperation to the attention of other prosecuting offices if requested. Nothing in this

plea agreement, however, restricts the Court's or Probation Office's access to information and

records in the possession of the United States.  Furthermore, nothing in this agreement prevents

the government in any way from prosecuting the defendant should the defendant provide false,

untruthful, or perjurious information or testimony or from using information provided by the

defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or

judicial.

### 15.    Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other

individual.  This plea agreement is not conditioned upon any outcome in any pending

investigation.  This plea agreement is not conditioned upon any result in any future prosecution

which may occur because of the defendant's cooperation.  This plea agreement is not conditioned

upon any result in any future grand jury presentation or trial involving charges resulting from this

investigation.  This plea agreement is conditioned upon the defendant providing full, complete

and truthful cooperation.

### 16.    Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the

applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and

Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of

Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 17.  Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States.  The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney).  If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.  The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence.  The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.  The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed.

c.  Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant.  The defendant waives any right to claim that statements made before or after the date of

10

this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.  The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements.  The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 18.    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.  The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty.  Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

11

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By: _____
Michael R. Gill
Laura Marshall
Assistant United States Attorneys
Main Street Centre
600 E. Main Street, Suite 1800
Richmond, Virginia 23219-2447
(804) 819-5400


By: _____
Patrick Dorgan
Shannon Dion
Special Assistant United States Attorneys
Assistant Attorney Generals
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219
(804) 786-1922

    <u>Defendant's Signature</u>:  I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information.  Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.  I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and voluntarily agree to it.

Date: 1/18/11

JUSTIN GLYNN FRENCH
Defendant

    <u>Defense Counsel Signature</u>: I am counsel for the defendant in this case.  I have fully explained to the defendant the defendant's rights with respect to the pending information.  Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.  I have carefully reviewed every part of this plea agreement with the defendant.  To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 1/18/11

John K. Honey, Jr.
Counsel for the Defendant

13

# U. S. DEPARTMENT OF JUSTICE

## Statement of Special Assessment Account

**This statement reflects your special assessment only. There may be other penalties imposed at sentencing.**

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 3:11CR017 |
| DEFENDANT'S NAME: | JUSTIN GLYNN FRENCH |
| PAY THIS AMOUNT: | $200.00 |

INSTRUCTIONS:

1.  **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
    *CLERK, U.S. DISTRICT COURT*

2.  **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3.  **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Richmond cases:** | **Clerk, U.S. District Court**<br>**701 Broad Street, Ste. 3000**<br>**Richmond, VA 23219** | |

4.  **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5.  **ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT**