IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 3:11CR017 |
| JUSTIN GLYNN FRENCH, | ) | |
| | ) | |
| Defendant. | ) | |

**PARAGON COMMERCIAL BANK'S PETITION PURSUANT
TO 21 U.S.C. § 853 RELATING TO 3RD FORFEITURE ORDER**

Paragon Commercial Bank ("Paragon"), by counsel, hereby asserts its interest in the property forfeited through the third preliminary order of forfeiture entered in the above-captioned matter. In support of its position that it should receive the forfeited property or proceeds therefrom in this matter, Paragon states as follows:

1. Paragon Commercial Bank is a state banking institution formed under the laws of the state of North Carolina, and is authorized to transact business in the Commonwealth of Virginia.

2. Justin Glynn French ("French") served as personal guarantor on loans Paragon made to a number of Virginia limited liability companies over which he had control.

3. French breached those guaranties, failing to pay sums due and owing under the loans when those limited liability companies defaulted.

Andrew Biondi, Esquire (VSB No. 48100)
W. Ashley Burgess, Esquire (VSB No. 67998)
C. Thomas Ebel, Esquire (VSB No. 18637)
William A. Gray, Esquire (VSB No. 46911)
Sands Anderson PC
P.O. Box 1998
1111 E. Main Street, 24th Floor (23219)
Richmond, VA 23218
Phone: (804) 648-1636
Fax: (804) 783-7291
abiondi@sandsanderson.com
aburgess@sandsanderson.com
tebel@sandsanderson.com
bgray@sandsanderson.com
        *Counsel for Paragon Commercial Bank*

4.   Paragon is a creditor of French for an amount in excess of $2,000,000.00, having obtained judgments against him in the Circuit Court for the City of Richmond in connection with loans he had taken and failed to pay on several of his companies' rehabilitation projects.

5.   On March 24, 2011, Paragon, Citizens Bank & Trust Company ("Citizens Bank") and Franklin Federal Savings Bank ("Franklin Federal") filed an involuntary bankruptcy petition against Justin Glynn French ("Debtor") under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), initiating Bankruptcy Case No. 11-31954-DOT styled "In re: Justin Glynn French" in that Court. An Order of Relief was entered by the Bankruptcy Court in the Debtor's case on April 25, 2011.

6.   On April 28, 2011, the Bankruptcy Court appointed the Trustee to serve as interim trustee (the "Trustee"), for the bankruptcy estate of Justin Glynn French (the "Estate").

7.   The Trustee of the Estate filed a petition pursuant to 21 U.S.C § 853(n) in this case on behalf of all unsecured creditors of French, which Paragon joined in.

8.   Upon information and belief, the Trustee plans to file another petition on behalf of all unsecured creditors of French, and Paragon hereby joins in any such petition filed by the Trustee. However, in the event the Trustee does not so file, abandons or does not hold or assert an interest fully encompassing the interest of Paragon, or the Trustee's claim is defeated, Paragon files this separate petition pursuant to 21 U.S.C § 853(n).

9.   The United States obtained felony convictions against French on charges of wire fraud and engaging in unlawful money transactions, to which French has pled guilty.

10. The United States and French entered into a Plea Agreement, by which it appears the United States has obtained from French all, or substantially all, of French's assets.

2

11. French's assets are the subject of multiple preliminary orders of forfeiture entered by this Court in the above-captioned case.

12. Paragon, upon information and belief, asserts that not all of the forfeited assets have sufficient connection to French's crimes to justify their forfeiture.

13. The United States sent Paragon written notice of its latest forfeiture of French's assets, accomplished through this Court's "Third Preliminary Order of Forfeiture". The U.S. Attorney's Office sent counsel for Paragon a notice letter dated May 31, 2011, to which Paragon now responds within thirty days of receipt. See notice and order attached hereto as **Exhibit A**.

14. Paragon has interests in all the assets of French, including those assets listed in the Third Preliminary Order of Forfeiture, and those assets are best administered and distributed through the Bankruptcy Court. French obtained loan funds from Paragon based on representations made by him that he was the lawful owner of the forfeited property, when he did not hold lawful title to a great percentage of that property.

15. Paragon did not know and was reasonably without cause to believe that the forfeited property was subject to forfeiture.

16. In reliance on French's representations about his personal finances contained in written personal financial statements, including his lawful ownership of the forfeited property, Paragon extended loans in August of 2007 and April of 2008, and received French's worthless guaranties in exchange.

17. Paragon is a bona fide purchaser for value with a superior interest in the forfeited property.

## PRAYER FOR RELIEF

Wherefore, pursuant to 21 USCS § 853(n), Paragon respectfully requests that this Court

enter an order distributing the assets forfeited in this case, and any proceeds thereof, to Paragon.

Paragon respectfully requests this Court hold an ancillary proceeding to determine its interest in

the forfeited property in this case.


Dated:  June 23, 2011                       Respectfully submitted,
                                            PARAGON COMMERCIAL BANK,
                                            By Counsel,


                                            ___/s/ Andrew Biondi_____
                                            Andrew Biondi, Esquire (VSB No. 48100)
                                            W. Ashley Burgess, Esquire (VSB No. 67998)
                                            C. Thomas Ebel, Esquire (VSB No. 18637)
                                            William A. Gray, Esquire (VSB No. 46911)
                                            Sands Anderson PC
                                            P.O. Box 1998
                                            1111 E. Main Street, 24th Floor (23219)
                                            Richmond, VA 23218
                                            Phone: (804) 648-1636
                                            Fax: (804) 783-7291
                                            abiondi@sandsanderson.com
                                            aburgess@sandsanderson.com
                                            tebel@sandsanderson.com
                                            bgray@sandsanderson.com
                                                    *Counsel for Paragon Commercial Bank*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 23rd day of June, 2011, a true and correct copy of the foregoing Petition was electronically filed with the Clerk of the Court for the U.S. Bankruptcy Court for the Eastern District of Virginia via the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed via email and first class mail, postage prepaid, to:

| | |
|---|---|
| William Ray Baldwin, III, Esquire<br>Marchant Thorsen Honey Baldwin & Meyer LLP<br>5600 Grove Ave<br>Richmond, VA 23226-2102<br>Email: billbaldwin@comcast.net | Laura Colombell Marshall, Esquire<br>US Attorney's Office<br>600 E Main Street, 18th Floor<br>Richmond, VA 23219<br>Email: Laura.Marshall@usdoj.gov |
| Lynn L. Tavenner, Trustee<br>Office of the United States Trustee<br>701 E. Broad Street, Suite 4304<br>Richmond, VA 23219<br>Email: LTavenner@tb-lawfirm.com | |

_____/s/___Andrew Biondi_____
Andrew Biondi



U.S. Department of Justice

*United States Attorney*
*Eastern District of Virginia*

| | |
|---|---|
| *Main Street Centre* | *804/819-5400* |
| *600 E. Main Street* | *Fax 804/771-2316* |
| *Richmond, Virginia   23219-2447* | |

May 31, 2011

<u>Via Certified Mail</u>
Andrew Biondi, Esq.
Sands Anderson
1111 East Main Street
P.O. Box 1998
Richmond, VA 23218-1998

Re:   <u>U.S. v. Justin G. French (3:11CR017)</u>

NOTICE OF CRIMINAL FORFEITURE

Enclosed is the Third Preliminary Order of Forfeiture. You are being sent this notice as your client, Paragon Commercial Bank, is possible party in interest with regard to the **items listed in the enclosed order.** Third-party claims on criminally forfeited property may be made two ways, and must be submitted **within thirty days** of the receipt of this notice:

If your clients choose to assert an ownership interest in a forfeited property, they must file a petition, pursuant to the enclosed **21 U. S. C. § 853(n)**, with the United States District Court in Richmond within 30 days of receipt of this notice. A copy of the petition must also be served by mail on this office. In a petition proceeding, they would be required to show evidence of their legal right to all or a portion of the property they might claim. A final decision would be made by the Court.

Alternatively, they may submit an administrative petition for remission or mitigation to this office in accordance with the enclosed **28 C.F.R. § 9.4**. Such a petition should be addressed to: U.S. Attorney General, c/o Neil H. MacBride, United States Attorney, 600 E. Main Street, Suite 1800, Richmond, VA 23219-2447. The petition should be referenced the case title and number shown on the enclosed order.

This notice is intended only to apprise your clients of their rights and in no way is intended to imply that the United States believes that they do or do not have a valid claim to any of the forfeited property. If they do not contest the forfeiture or otherwise seek any relief out of this property, it is not necessary to do anything.

Laura Colombell Marshall
Assistant United States Attorney

Enclosures
-Consent Order of Forfeiture
-21 U. S. C. § 853(n)
-28 C.F.R.§ 9.4

**<u>EXHIBIT A</u>**

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA          )
                                  )
          v.                      )     Criminal No. 3:11CR017
                                  )
JUSTIN GLYNN FRENCH,              )
                                  )
          Defendant.              )
                                  )

## THIRD PRELIMINARY ORDER OF FORFEITURE

BASED UPON the plea agreement entered into between the United States of America

and the defendant and the stipulations set forth below, and finding that there is a requisite nexus

between the property listed below and the offense to which the defendant has pled guilty, and

that the defendant has an interest in said property, IT IS HEREBY ORDERED:

1.    That pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c)

and 21 U.S.C. § 853, the following property is forfeited to the United States as substitute assets to

offset the monetary judgment of $7,000,000 imposed on January 24, 2011 (Documents 14 and

17):

     **a white gold Rolex Daytona watch;**

     **JK630 black sculpture by artist Jae Ko;**

     **"Elemental Return" by Ron Johnson, 2004 - acrylic and silk, 26 X 26 ½ canvas;**

     **Pink glass piece (#2) by Kiara Pelissier;**

Two (2) federal style, mahogany benches by Harrison Higgins, Inc.;

Promissory note in the amount of $90,000.00 from Mark Gans to Justin French referencing 18-20 South Allen Street;

One hundred percent of the membership interest of Justin G. French, sole member of French Stockton, LLC, a Virginia limited liability company (Virginia LLC ID S176661-9);

One hundred percent of the membership interest of Justin G. French, sole member of Griffin French Alley, LLC, a Virginia limited liability company;

One hundred percent of the membership interest of Justin G. French, member of 1207 School Street, LLC, a Virginia limited liability company (Virginia LLC ID S255368-5); and

Real property and improvements known as 1415, 1417 and 1419 Bryan Street, Richmond, Virginia.

2.    The United States, or its agent, may take possession and maintain custody of the above-described tangible property.

3.    The proceeds obtained from the forfeiture of any of the above-named assets, as well as any future substitute assets, shall be credited against the $7,000,000.00 monetary judgment previously imposed against the defendant (Document 17).

4.    The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in any seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

5.    Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of their alleged interest in the property.

2

6.     Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered.   If no third party files a timely petition, this order shall become the *final* order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with law.

/s/

John A. Gibney, Jr.
United States District Judge

_____
UNITED STATES DISTRICT JUDGE

5/3/11
Date

The parties stipulate and agree that the aforementioned assets constitute substitute property as defined in 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461©, and are subject to forfeiture pursuant to the money judgment representing the proceeds of a violation of 18 U.S.C. § 1343 and imposed pursuant to 18 U.S.C. § 981(a)(1)©. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

Michael R. Gill
Laura Colombell Marshall
Assistant United States Attorneys

SEEN AND NOT OBJECTED TO:

John K. Honey, Jr., Esq.
William R. Baldwin, III, Esq.
Counsel for Defendant

3