IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISON)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 3:11CR017 |
| JUSTIN GLYNN FRENCH | ) | |
| | ) | |
| Defendant | ) | |

## BANKRUPTCY TRUSTEE'S
## SECOND VERIFIED PETITION PURSUANT TO 21 U.S.C. § 853

Comes now, Lynn L. Tavenner, Esquire, and submits this petition (the "Petition") in her capacity as Interim Trustee (the "Trustee") appointed in the Chapter 7 bankruptcy case of Justin Glynn French, United States Bankruptcy Court for the Eastern District of Virginia Case No. 11-31954-DOT (the "Bankruptcy Case") on behalf of the creditors of Justin Glynn French ("French and/or the "Debtor") and hereby (i) asserts, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. § 32.2, the bankruptcy estate's legal interest in the property forfeited in the above-captioned matter and (ii) petitions this Court for a hearing to adjudicate the validity of the same.[1] In support of the position that the Trustee should receive the forfeited property and/or any proceeds there from in this matter for the benefit of the bankruptcy estate, the Trustee states as follows:

1. On March 24, 2011, Paragon Commercial Bank ("Paragon Bank"), Citizens Bank & Trust Company ("Citizens Bank") and Franklin Federal Savings Bank ("Franklin Federal"), by certifying under penalty of perjury that each held noncontingent and undisputed claims against French, instituted an involuntary bankruptcy petition against French under Chapter 7 of

---

[1] The Debtor has not yet filed his Statement of Financial Affairs or Schedules of Assets and Liabilities as required by the Bankruptcy Code. Furthermore, the Trustee has not had an opportunity to examine the Debtor with respect to the same at a meeting of creditors held pursuant to 11 U.S.C. § 341(a). In fact the Office of the United States Trustee, which oversees the administration of bankruptcy cases and is an arm of the United States Department of Justice, has not even scheduled the same. Because the Trustee does not yet have necessary information to fulfill all of her duties under the Bankruptcy Code, nor to completely assess French's assets and liabilities, the Trustee reserves the right to amend or supplement the claims made herein upon the discovery of additional information to support this Petition.

the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), Case No. 11-31954-DOT styled "In re: Justin Glynn French." French answered the same and, thereafter, the Bankruptcy Court entered an Order of Relief on April 26, 2011.

2. On April 28, 2011, the Bankruptcy Court appointed the Trustee[2] to serve as interim trustee for the bankruptcy estate (the "Estate") of the Debtor. Pursuant to 11 U.S.C. §704, among the duties of the Trustee is (a) investigation of the financial affairs of the Debtor; (b) collection and reduction to money of property of the Estate as prescribed in 11 U.S.C. §541 upon the commencement of the Bankruptcy case; and (c) to make final report and account of the administration of the Estate and distribution of Estate assets.

3. While no notice to creditors has yet been transmitted by the Bankruptcy Court providing parties the ability to assert claims against French, the verified claims of the bankruptcy petitioning creditors, Paragon Bank, Citizens Bank, and Franklin Federal total in principal amount in excess of $2,473,000.00. Furthermore, counsel for the Debtor has indicated to the Bankruptcy Court that he "believes there are hundreds of such persons" who may have claims

---

[2] On or about April 15, 2011, pursuant to an order entered by the United States Bankruptcy Court, Bruce H. Matson, Esquire, was appointed as interim trustee on an emergency basis to, among other things, address issues related to this proceeding. Thereafter, Mr. Matson resigned as trustee and Ms. Tavenner was appointed. In so ordering an emergency appointment of an interim trustee, the Honorable Douglas O. Tice, Jr. stated,

> All right. Thank you Mr. Baldwin. I don't need to hear anymore argument.
>
> Mr. Baldwin makes a very eloquent argument, however, it seems to me completely overlooks the fact that we have a pending and voluntary [sic] bankruptcy in which a trustee would be appointed. The bankruptcy code gives us the situation – the Court the opportunity to appoint a trustee to investigate to see if there's anything that could be done on behalf of the general creditors.
>
> I don't buy the argument that the motion claims that the U.S. Attorney's Office is incompetent, or I don't buy into this fact that this is somehow pinning the bankruptcy court against the district court. I wouldn't envy the trustee carrying out its duties in this case, but it's obvious to the Court that there should be a trustee as I'm going to grant the motion.

A true and accurate copy of the transcript of the Bankruptcy Court's hearing held on April 14, 2011 in the Bankruptcy Court is attached as Exhibit C to the Bankruptcy Trustee's Verified Petition (Docket #27) filed on May 6, 2011 (the "Trustee's Original Petition").

2

against French. *See*, Memorandum of Justin Glynn French at paragraph 8 (Docket #40), Case No. 11-31954-DOT, E.D. Va. (Bankr.).

4. As this Court is aware, the United States of America (the "United States") obtained felony convictions against French on charges of wire fraud and engaging in unlawful money transactions, to which French has pled guilty, and in the course of the same French has agreed to a judgment in the amount of $7,000,000 and the United States has suggested to this Court that the victims' losses there from could be in excess of $11,000,000. While the Trustee has not had an opportunity to assess each individual victim's loss and does not expect or seek to do so in the context of this Court proceeding, she believes that the victims of such crimes are likely among French's bankruptcy creditors as well. This Court, at French's sentencing hearing held on May 3, 2011, appeared to recognize an overlap between victims of French's crime and unsecured creditors in the Bankruptcy Case when referencing fraudulent loans and misrepresentations and overstated amounts.[3]

5. The United States and French entered into a Plea Agreement, by which it appears the United States may have obtained from French all, or substantially all, of French's assets. French's assets are the subject of multiple preliminary orders of forfeiture entered by this Court in the above-captioned case. *See* preliminary forfeiture orders attached as collective Exhibit A to the Trustee's Original Petition.

6. The United States gave public notice of its forfeitures through four separate notices first published on March 8 (1 notice), March 23 (one notice), and March 24 (2 notices) on the www.forfeiture.gov website, requiring any third-party challenges to be raised within sixty (60) days of said publications. *See* four notices of forfeiture attached as collective Exhibit B to the Trustee's Original Petition.

---

[3] The Trustee has not yet been able to obtain a copy of the transcript of said Sentencing Hearing and is basing this representation on notes taken while attending the Sentencing Hearing.

7. In addition, the United States sent the Trustee written notice of its latest forfeiture of French's assets, accomplished through its Courts "Third Preliminary Order of Forfeiture," pursuant to a notice letter, dated May 31, 2011, to which the Trustee now responds within thirty days of receipt. See Notice Order attached hereto as Exhibit A.

8. On behalf of the Estate, the Trustee, upon information and belief, asserts that many, if not all of the forfeited assets, including those addressed in the Third Forfeiture Order, have insufficient connection to French's crimes to justify their forfeiture, in that the United States cannot trace the forfeited property to the proceeds of French's offenses. Accordingly, the Trustee asserts an interest in all the assets that are the subject of the Third Forfeiture Order and believes that the Estate's interest is superior to that of French. As a result, the United States takes such assets subject to the Trustee/Estate's interests.

9. By way of example, and subject to the Trustee's further investigation, the Trustee submits that by operation of law, under 11 U.S.C. § 544, the "strong arm clause" of the Bankruptcy Code, the Trustee is empowered with the rights of a judicial lien creditor and the rights of a bona fide purchaser of real property. In addition, by operation of law under other avoiding powers ascribed by 11 U.S.C. § 545, 547, 548 or 553, the Trustee may recover transfers made by the Debtor prior to the Order for Relief, including preferential, fraudulent and/or voluntary transfers of property that occurred prior to the criminal acts giving rise to the Plea Agreement. Because of such rights, the Trustee submits that she, on behalf of the Estate, has a superior right in much if not all of the forfeited assets.

10. Moreover, the Trustee respectfully suggests that all of those assets can be efficiently administered and distributed through the Bankruptcy Court. Given the established procedural framework of the Bankruptcy Code, and the role of the Trustee with respect to the

garnering and distribution of the assets of debtors, an appropriate forum for the administration and distribution of the assets of French is the Bankruptcy Court.

11.  The Trustee believes that the respective federal agencies should work together in the interest of all parties that have been harmed by French to remedy in the best possible way the harm inflicted by French on all innocent third parties. As the United States District Court for the Eastern District of New York (the "New York District Court") recognized in a case under similar circumstances, the issues "are best addressed through coordination and cooperation of all concerned." *See, United States v. Dreier*, 09 Cr. 085, p.1 (SDNY Feb. 5, 2010)[4] (memorandum order) (the "Dreier Order") (a copy of the Dreier Order is attached as Exhibit D to the Trustee's Original Petition). As the New York District Court further articulated:

> An under-appreciated evil of substantial frauds like those of Marc Dreier is how they pit their victims against one another. Where, as here, the funds remaining after the fraud is uncovered are insufficient to make whole Dreier's numerous victims and creditors, these unfortunates are left to squabble over who should get what. In this case, moreover, resolution of these competing claims involves consideration of three bodies of law – criminal law, securities law, and bankruptcy law – that cannot always be reconciled without some friction.

*See* Dreier Order, p.1. In the *Dreier* matter, the three judges convened a joint hearing to urge that those seeking to remedy victims and other creditors alike coordinate and cooperate to address the inherent tensions. As a result of said hearing, the United States Attorney Office, the Securities and Exchange Commission, the bankruptcy trustees and other impacted parties reached a global resolution concerning which assets would be administered through the Bankruptcy Court system and those that would be administered through the District Court system, as well as an agreement regarding sharing information.

12.  The Trustee asserts the victims and other creditors of French's illegal and immoral schemes would benefit greatly from cooperation and coordination between and among

---

[4] While there are pending appeals and other issues that are still unresolved in *Dreier* matters, the concept of mutual cooperation has not been attacked.

5

the various federal and state representatives/agencies. To that end, the Trustee reiterates her request made in her initial Original Petition for a joint hearing with this Court and the Bankruptcy Court to encourage cooperation and a global resolution for the benefit of French's victims and other creditors. Joint hearings and coordination between the District Court and the Bankruptcy Court is not a novel concept to the Eastern District of Virginia. In fact, the Eastern District of Virginia established a precedent and obtained national recognition when the Honorable Robert R. Merhige, Jr. and the Honorable Blackwell Shelley, II coordinated efforts and conducted joint hearings resolving issues related to the bankruptcy case of *A.H. Robins Co.* While Judge Merhige and Judge Shelley were not confronted with identical issues before this Court, their efforts demonstrate a precedent of mutual cooperation and coordination to achieve efficient and effective administration of matters involving overlapping federal jurisdictions.

## PRAYER FOR RELIEF

Wherefore, pursuant to 21 U.S.C. § 853(n) and to preserve the rights of the Estate, the Trustee respectfully requests that this Court enter an order distributing the assets forfeited in this case, including therein Third Forfeiture Order, and any proceeds thereof, to the Trustee. In the alternative, Trustee respectfully requests this Court hold an ancillary proceeding to determine the Estate's interest in the forfeited property in this case and address the most efficient process for administration of the forfeited property. To the extent the Court believes it appropriate to *sua sponte* convene a joint hearing with the Bankruptcy Court to address these issues and related matters, the Trustee welcomes and encourages the same.

Dated: June 30, 2011                          Respectfully submitted,

                                                         LYNN L. TAVENNER, TRUSTEE

                                                         By:   */s/ Lynn L. Tavenner*
                                                                       Trustee for the Bankruptcy Estate
                                                                       Of Justin Glynn French

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

## VERIFICATION

Under penalty of perjury, I Lynn L. Tavenner, as Chapter 7 Trustee, declare that I have read and reviewed the foregoing and verify that the foregoing is true and correct to the best of my knowledge.

                                                          */s/ Lynn L. Tavenner*
                                                          Lynn L. Tavenner, Chapter 7 Trustee
                                                          of the Estate of Justin Glynn French

## CERTIFICATE OF SERVICE

I certify that on this the 30th day of June, 2011 the foregoing Bankruptcy Trustee's Verified Petition Pursuant To 21 U.S.C. § 853 was sent via email and/or first-class mail, postage prepaid to the following:

John K. Honey, Esq.
William R. Baldwin, Esq.
Marchant, Thorsen, Honey,
  Baldwin, and Meyer, L.L.P.
5600 Grove Avenue
Richmond, Virginia 23226-2102

W. Ashley Burgess
Sands Anderson, P.C.
1111 E. Main Street
Richmond, Virginia 23218

Franklin Federal Savings Bank
Canfield, Baer & Heller, LLP
c/o Robert A. Canfield
2201 Libbie Avenue, Suite 200
Richmond, Virginia 23230

Office of the U.S. Trustee
701 East Broad St., Ste 4304
Richmond, Virginia 23219

G. Wingate Grant
U.S. Attorney's Office
Eastern District of Virginia
Main Street Center
600 East Main St., Suite 1800
Richmond, VA 23219-2441

Laura Colombel Marshall
Assistant United States Attorney
Office of the Attorney General
600 East Main Street
Richmond, VA 23219

Frank F. Rennie, Jr.
1930 Huguenot Road
P.O. Box 35655
Richmond, Virginia 23235

Citizen Bank & Trust Company
c/o Frank F. Rennie, IV, Esq.
CowanGates, PC
1930 Huguenot Road
Richmond, Virginia 23235

Paragon Commercial Bank
Spotts Fain P.C.
P.O. Box 1555
411 E. Franklin St., Ste. 600
Richmond, Virginia 23219

_/s/ Lynn L. Tavenner_
Lynn L. Tavenner

# EXHIBIT A



U.S. Department of Justice

*United States Attorney*
*Eastern District of Virginia*

---

Main Street Centre  804/819-5400
600 E. Main Street  Fax 804/771-2316
Richmond, Virginia 23219-2447

May 31, 2011

<u>Via Certified Mail</u>
Lynn L. Tavenner, Esq.
Tavenner & Beran, PLC
20 North Eighth Street, 2nd Fl.
Richmond, VA 23219

    Re:   <u>U.S. v. Justin G. French (3:11CR017)</u>

### NOTICE OF CRIMINAL FORFEITURE

    Enclosed is the Third Preliminary Order of Forfeiture. You are being sent this notice as you are the Interim Trustee of the Estate of Justin G. French. Your clients are possible parties in interest with regard to the **items listed in the enclosed order**. Third-party claims on criminally forfeited property may be made two ways, and must be submitted **within thirty days** of the receipt of this notice:

    If your clients choose to assert an ownership interest in a forfeited property, they must file a petition, pursuant to the enclosed **21 U. S. C. § 853(n)**, with the United States District Court in Richmond within 30 days of receipt of this notice. A copy of the petition must also be served by mail on this office. In a petition proceeding, they would be required to show evidence of their legal right to all or a portion of the property they might claim. A final decision would be made by the Court.

    Alternatively, they may submit an administrative petition for remission or mitigation to this office in accordance with the enclosed **28 C.F.R. § 9.4**. Such a petition should be addressed to: U.S. Attorney General, c/o Neil H. MacBride, United States Attorney, 600 E. Main Street, Suite 1800, Richmond, VA 23219-2447. The petition should be referenced the case title and number shown on the enclosed order.

    This notice is intended only to apprise your clients of their rights and in no way is intended to imply that the United States believes that they do or do not have a valid claim to any of the forfeited property. If they do not contest the forfeiture or otherwise seek any relief out of this property, it is not necessary to do anything.

                                            Laura Colombell Marshall
                                            Assistant United States Attorney

Enclosures
-Consent Order of Forfeiture
-21 U. S. C. § 853(n)
-28 C.F.R. § 9.4

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:11CR017 |
| ) | |
| JUSTIN GLYNN FRENCH, ) | |
| ) | |
| Defendant. ) | |

MAY - 3 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## THIRD PRELIMINARY ORDER OF FORFEITURE

BASED UPON the plea agreement entered into between the United States of America and the defendant and the stipulations set forth below, and finding that there is a requisite nexus between the property listed below and the offense to which the defendant has pled guilty, and that the defendant has an interest in said property, IT IS HEREBY ORDERED:

1. That pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853, the following property is forfeited to the United States as substitute assets to offset the monetary judgment of $7,000,000 imposed on January 24, 2011 (Documents 14 and 17):

a white gold Rolex Daytona watch;

JK630 black sculpture by artist Jae Ko;

"Elemental Return" by Ron Johnson, 2004 - acrylic and silk, 26 X 26 ½ canvas;

Pink glass piece (#2) by Kiara Pelissier;

Two (2) federal style, mahogany benches by Harrison Higgins, Inc.;

Promissory note in the amount of $90,000.00 from Mark Gans to Justin French referencing 18-20 South Allen Street;

One hundred percent of the membership interest of Justin G. French, sole member of French Stockton, LLC, a Virginia limited liability company (Virginia LLC ID S176661-9);

One hundred percent of the membership interest of Justin G. French, sole member of Griffin French Alley, LLC, a Virginia limited liability company;

One hundred percent of the membership interest of Justin G. French, member of 1207 School Street, LLC, a Virginia limited liability company (Virginia LLC ID S255368-5); and

Real property and improvements known as 1415, 1417 and 1419 Bryan Street, Richmond, Virginia.

2. The United States, or its agent, may take possession and maintain custody of the above-described tangible property.

3. The proceeds obtained from the forfeiture of any of the above-named assets, as well as any future substitute assets, shall be credited against the $7,000,000.00 monetary judgment previously imposed against the defendant (Document 17).

4. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in any seized property, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6).

5. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of their alleged interest in the property.

6. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the *final* order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property in accordance with law.

/s/ *[signature]*
John A. Gibney, Jr.
United States District Judge
UNITED STATES DISTRICT JUDGE

5/3/11
Date

The parties stipulate and agree that the aforementioned assets constitute substitute property as defined in 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461©, and are subject to forfeiture pursuant to the money judgment representing the proceeds of a violation of 18 U.S.C. § 1343 and imposed pursuant to 18 U.S.C. § 981(a)(1)©. The defendant hereby waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

NEIL H. MACBRIDE
UNITED STATES ATTORNEY

*[signature]*
Michael R. Gill
Laura Colombell Marshall
Assistant United States Attorneys

SEEN AND NOT OBJECTED TO:

*[signature]*
John K. Honey, Jr., Esq.
William R. Baldwin, III, Esq.
Counsel for Defendant

3