IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(RICHMOND DIVISON)

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )<br>)<br>JUSTIN GLYNN FRENCH               )<br>)<br>Defendant                                   )<br>)<br>IN RE: THIRD PARTY CLAIMS BY:   )<br>)<br>LYNN L. TAVENNER, AS CHAPTER 7 )<br>TRUSTEE OF THE ESTATE OF JUSTIN )<br>GLYNN FRENCH, and                     )<br>)<br>PARAGON COMMERCIAL BANK.      ) | Criminal No. 3:11CR017 |

**BANKRUPTCY TRUSTEE'S (I) RESPONSE TO UNITED STATES'**
**MOTION FOR SUMMARY JUDGMENT AND (II) REQUEST FOR ADDITIONAL**
**GUIDANCE FROM THIS COURT WITH RESPECT TO HER DUTIES AS TRUSTEE**

Comes now, Lynn L. Tavenner, Esquire, in her capacity as Interim Trustee (the

"Trustee") appointed in the Chapter 7 bankruptcy case of Justin Glynn French, United States

Bankruptcy Court for the Eastern District of Virginia Case No. 11-31954-DOT (the "Bankruptcy

Case") on behalf of the creditors of Justin Glynn French ("French and/or the "Debtor") and

hereby submits this response to the United States' Motion To Dismiss (the "Motion for Summary

Judgment") [1] and respectfully requests guidance from this Court as to her duties as Trustee.  In

support hereof the Trustee incorporates the Bankruptcy Trustee's Initial Response to United

States Motion to Dismiss and (II) Request for (A) Additional Time to Supplement the Same and

(B) Additional Guidance from this Court with Respect to Her Duties as Trustee (the "Initial

Response") and also states as follows:

---

[1]  At a hearing held on August 10, 2011, this Court ruled that it was converting the Motion to Dismiss into a Motion
for Summary Judgment.

1.      On March 24, 2011, Paragon Commercial Bank ("Paragon Bank"), Citizens Bank

& Trust Company ("Citizens Bank") and Franklin Federal Savings Bank ("Franklin Federal"),

by certifying under penalty of perjury that each held noncontingent and undisputed claims

against French, instituted an involuntary bankruptcy petition against French under Chapter 7 of

the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia

(the "Bankruptcy Court"), Case No. 11-31954-DOT styled "In re: Justin Glynn French."   French

answered the same and, thereafter, the Bankruptcy Court entered an Order of Relief on April 26,

2011.

2.      On April 28, 2011, the Bankruptcy Court appointed the Trustee[2] to serve as

interim trustee for the bankruptcy estate (the "Estate") of the Debtor.  Pursuant to 11 U.S.C. §

704, among the duties of the Trustee is (a) investigation of the financial affairs of the Debtor; (b)

collection and reduction to money of property of the Estate as prescribed in 11 U.S.C. §541 upon

the commencement of the Bankruptcy case; and (c) to make final report and account of the

administration of the Estate and distribution of Estate assets.  The Trustee has been delegated

---

[2]  On or about April 15, 2011, pursuant to an order entered by the United States Bankruptcy Court, Bruce H.
Matson, Esquire, was appointed as interim trustee on an emergency basis to, among other things, address issues
related to this proceeding.  Thereafter, Mr. Matson resigned as trustee and Ms. Tavenner was appointed.  In so
ordering an emergency appointment of an interim trustee, the Honorable Douglas O. Tice, Jr. stated,

> All right. Thank you Mr. Baldwin.  I don't need to hear anymore argument.
>
> Mr. Baldwin makes a very eloquent argument, however, it seems to me completely
> overlooks the fact that we have a pending and voluntary [sic] bankruptcy in which a trustee would
> be appointed.  The bankruptcy code gives us the situation – the Court the opportunity to appoint a
> trustee to investigate to see if there's anything that could be done on behalf of the general
> creditors.
>
> I don't buy the argument that the motion claims that the U.S. Attorney's Office is
> incompetent, or I don't buy into this fact that this is somehow pinning the bankruptcy court against
> the district court.  I wouldn't envy the trustee carrying out its duties in this case, but it's obvious to
> the Court that there should be a trustee as I'm going to grant the motion.

A true and accurate copy of the transcript of the Bankruptcy Court's hearing held on April 14, 2011 in the
Bankruptcy Court was previously attached as Exhibit C to Bankruptcy Trustee's Verified Petition Pursuant To 21
U.S.C. § 853 filed with this Court on May 6, 2011.

certain fiduciary duties but has not been provided the normal and customary resources with which to exercise those duties as it relates to the Debtor's bankruptcy case.

3.      The Debtor has not complied with the duties imposed upon him under Federal Rule of Bankruptcy Procedure 1007, which include the filing of the requisite statement of assets and liabilities.  Instead, the Debtor has, through counsel, requested that the Bankruptcy Court relieve him of such responsibilities because he claims he is unable to comply with the same. Specifically, the Debtor has asserted that his "[c]ounsel (who did not represent Mr. French until July 2010) believes there are hundreds of such persons, to include lenders, contractors, co-venturers, co-debtors, and tenants, most of whom are not known to the below counsel and most of whom, if known to Mr. French, are of a number too great to be stated accurately from memory and without resort to records now held by the Federal Bureau of Investigation." *See Memorandum of Justin Glynn French in Support of Motion for Relief From Requirements of Federal Rule of Bankruptcy Procedure 1007*, (Docket #40) filed with the United States Bankruptcy Court, Case No. 11-3195-DOT.

4.      Furthermore, the Trustee has not had an opportunity to examine the Debtor with respect to his assets and liabilities at a meeting of creditors held pursuant to 11 U.S.C. § 341(a). In fact the Office of the United States Trustee, which oversees the administration of bankruptcy cases and is an arm of the United States Department of Justice, has not even scheduled the same, presumably because the Debtor is now incarcerated.

5.      In the exercise of her fiduciary duties on behalf of the Debtor's Estate, the Trustee filed, upon information and belief, within six business days of her appointment, a Verified Petition in this Court to stake her position in the assets on behalf of all of French's creditors.  She disclosed that creditors had asserted and she believed and asserted that many, if not all, of the forfeited assets had insufficient connection to French's crimes to justify their forfeiture, in that

3

the United States could not trace the forfeited property to the proceeds of French's offenses.

Furthermore, the Trustee submitted that by operation of law, under 11 U.S.C. § 544, the "strong

arm clause" of the Bankruptcy Code, the Trustee was empowered with the rights of, among other

things,  a judicial lien creditor and the rights of a bona fide purchaser of real property and had

otherwise a superior right in the forfeited assets.  In addition, the Trustee pled that by operation

of law under other avoiding powers ascribed by 11 U.S.C. § 545, 547, 548 or 553, she could

recover transfers made by the Debtor prior to the bankruptcy case, including preferential,

fraudulent and/or voluntary transfers of property that occurred prior to the criminal acts giving

rise to the Debtor's Plea Agreement.  Because of such rights, the Trustee submitted that she, on

behalf of the Estate, had (and continues to have) a superior right in the forfeited assets.

6.      In its Motion for Summary Judgment, the Government requests that the Verified

Petition be dismissed on the basis that "the facts alleged are insufficient to satisfy the standing

requirements of 21 U.S. C 853(n) (2)."  The Government also relies on the Declaration of

Catherine L. Nowery (the "Nowery Declaration").

7.      The Trustee has asserted sufficient facts to establish her standing under the

standards promulgated by the Fourth Circuit in the case of *United States of America v.

Reckmeyer*, 836 F. 2d 200 (4th Cir 1987).   In *Reckmeyer*, Judge Phillips wrote that any party

asserting a "legal interest" may bring an action under section 853 and that legal interest

"encompasses all legally protected rights, claims, titles or shares in real or personal property."

*Id*. at 205.

8.      The Trustee clearly pled a legally protected right, claim and title in the forfeited

assets pursuant to § 544 of the Bankruptcy Code (as well as other provisions) and nothing in

Nowery Declaration puts at issue any fact pled by the Trustee.  Section 544 of the Bankruptcy

Code provides:

4

> The trustee **shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by**—
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, **whether or not such a creditor exists**;
>
> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, **whether or not such a creditor exists**; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, **whether or not such a purchaser exists**.

11 U.S.C. § 544 (emphasis added).

9.      The Trustee's asserted legally protected right, claim and title in the forfeited assets is consistent with the standards espoused by the Fourth Circuit.  As the Fourth Circuit identified in *United States v. Morgan*, 224 F.3d 339 (4th Cir. 2000), the Trustee merely has to establish:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title or interest in property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

*Id.* at 341.  The Trustee has clearly pled the same through § 544.  Furthermore, an "innocent owner" defense is established by showing that the offense(s) involving the property were committed without the owner's knowledge or consent.  *United States v. Chandler*, 36 F.3d 358,

362 (4th Cir. 1994); *United States v. Federal Nat'l Mortg. Ass'n*, 946 F.2d 264, 265-66 (4th Cir. 1991). The Trustee certainly neither knew nor consented to the offenses giving rise to the forfeiture. The Trustee has, therefore, properly pled facts sufficient to survive the Motion for Summary Judgment as it relates to assets forfeited pursuant to all forfeiture orders entered on or after March 24, 2011 (which was the date of the commencement of the Debtor's bankruptcy case). This would cover assets forfeited in the May 3 Consent Order of Forfeiture and any subsequent order.

10.     Furthermore, the Trustee asserts that she has also pled facts sufficient to establish a superior interest in the assets forfeited pursuant to the March 4 and March 14 Consent Orders of Forfeiture. The Trustee respectfully submits that the minority position articulated by the Fourth Circuit in *United States v. McHan*, 345 F.3d 262 (4th Cir. 2003) that the relation-back principle of § 853(c) applies not only to the "tainted" property described in § 853(a) but also to "innocent" substitute property described in § 853(p) is inequitable and inappropriate under the facts and circumstances before this Court.

11.     Turning to the words of Judge Phillips while reviewing section 853, "the provision was designed to prevent defendants from escaping the impact of forfeiture by transferring assets to third parties." *Reckmeyer*, 836 F. 2d at 203. This Court should not allow the Government to expand section 853 to anything more. Other Courts have held that the relation-back doctrine does not apply to substitute assets. *See, United States v. Jarvis*, 499 F.3d 1196, 1203-04 (10th Cir. 2007). It is unfair and inequitable to apply the relation-back principle in the context of "innocent" substitute property. To do so prejudices creditors and other parties in interest who were not involved in the Debtor's criminal activities. It also places the creditors and parties in interest in materially different positions than initially bargained for in their arms'-length transactions with the defendant. This Court, during the hearing on August 10, 2011,

asked counsel for Paragon Bank whether this was merely an instance of a bad business decision. While the Trustee appreciates the Court's concern, the Trustee respectfully submits that it could also be an instance where the Government is unilaterally altering the benefit of the creditor's contractual bargain in an arms'-length transaction with the defendant.  Banks and other businesses regularly provide credit on the basis of net worth without requiring collateral.  But for the Government's seizing and forfeiting a substantial portion of the Debtor's assets, the Debtor would have assets available for distribution to all creditors.   For the Government to drastically alter a person's net worth by (a) seizing and having forfeited substitute assets that have insufficient connection to the Debtor's crimes and (b) having title vest in the Government as of the time of acts giving rise to the crime regardless of whether said assets have any connection to the crime is inequitable and beyond the legislative intent of section 853.   As the Fourth Circuit stated:

> Congress's primary concern in adopting the relation-back provision was to make it possible for courts to void sham or fraudulent transfers that were aimed at avoiding the consequences of forfeiture.  S. Rep at 209 n.47.  Congress did not intend to permit courts to void "arms' length" transactions.  See S. Rep. at 200-01.

*Reckmeyer*, 836 F. 2d at 208.   The facts before the Court do not involve a sham or fraudulent transfer aimed at the defendant avoiding the consequences of forfeiture.

12.     Absent the application of the relation back doctrine for substitute assets having insufficient connection to French's crimes to otherwise justify their forfeiture to the detriment of innocent parties who engaged in arms'-length transactions with the Debtor, the Trustee has also pled facts sufficient to establish a superior interest in the assets forfeited pursuant to the March 4 and March 14 Consent Orders of Forfeiture.

13.     In conclusion the Trustee has pled facts sufficient to survive the Motion for Summary Judgment as it relates to assets forfeited pursuant to all forfeiture orders entered on or after March 24, 2011 (which was the date of the commencement of the Debtor's bankruptcy

case).  The Government's recitation of other cases and other aspect of forfeiture law does not negate the simple fact that the Trustee has pled a superior right to these forfeited assets pursuant to 11 U.S.C. § 544.  Nothing in the Nowery Declaration refutes the same.  Furthermore, absent the application of the relation back doctrine, which the Trustee maintains is not appropriate given the facts and circumstances before this Court, the Trustee has also pled facts sufficient to establish a superior interest in the assets forfeited pursuant to the March 4 and March 14 Consent Orders of Forfeiture.  Nothing in the Nowery Declaration refutes the same.  Standing has, thus, been established, and the Court should deny the Motion for Summary Judgment.

## **PRAYER FOR RELIEF**

Wherefore, the Trustee respectfully requests that this Court deny the Government's Motion for Summary Judgment, hold an ancillary proceeding to determine the Estate's interest in the forfeited property in this case, and address the most efficient process for administration of the forfeited property (and the Trustee's duties with respect to the same).  To the extent the Court believes it appropriate to *sua sponte* convene a joint hearing with the Bankruptcy Court to address these issues and related matters, the Trustee welcomes the same.  To the extent the Court believes that a separate motion requesting the same is required, the Trustee is prepared to proceed as instructed.  To the extent the Court determines that (a) the relief requested in the Motion for Summary Judgment is warranted in its entirety and (b) the Trustee will never have a superior interest in any of the Debtor's assets for her to administer for the benefit of creditors, the Trustee respectfully requests that this Court and the Bankruptcy Court immediately relieve the Trustee of her fiduciary duties in that she is not capable of performing the same because of the laws of this jurisdiction as interpreted by this Court.

Dated:  August 24, 2011

Respectfully submitted,

LYNN L. TAVENNER, TRUSTEE

By:    */s/ Lynn L. Tavenner*
              Trustee for the Bankruptcy Estate
              Of Justin Glynn French

Lynn L. Tavenner, Esquire (Va. Bar No. 30083)
Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia  23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

**CERTIFICATE OF SERVICE**

   I certify that on this the 24th day of August, 2011 the foregoing was sent via email through the Court's ECF system and/or first-class mail, postage prepaid to the following:

John K. Honey, Esq.
William R. Baldwin, Esq.
Marchant, Thorsen, Honey,
  Baldwin, and Meyer, L.L.P.
5600 Grove Avenue
Richmond, Virginia  23226-2102

W. Ashley Burgess
Sands Anderson, P.C.
1111 E. Main Street
Richmond, Virginia  23218

Franklin Federal Savings Bank
Canfield, Baer & Heller, LLP
c/o Robert A. Canfield
2201 Libbie Avenue, Suite 200
Richmond, Virginia  23230

Office of the U.S. Trustee
701 East Broad St., Ste 4304
Richmond, Virginia  23219

G. Wingate Grant
U.S. Attorney's Office
Eastern District of Virginia
Main Street Center
600 East Main St., Suite 1800
Richmond, VA 23219-2441

Laura Colombel Marshall
Assistant United States Attorney
Office of the Attorney General
600 East Main Street
Richmond, VA 23219

Frank F. Rennie, Jr.
1930 Huguenot Road
P.O. Box 35655
Richmond, Virginia  23235

Citizen Bank & Trust Company
c/o Frank F. Rennie, IV, Esq.
CowanGates, PC
1930 Huguenot Road
Richmond, Virginia  23235

Paragon Commercial Bank
Spotts Fain P.C.
P.O. Box 1555
411 E. Franklin St., Ste. 600
Richmond, Virginia  23219

     */s/ Lynn L. Tavenner*
     Lynn L. Tavenner