IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:11cr17-JAG

JUSTIN G. FRENCH,
          Defendant.

## MEMORANDUM ORDER

THIS MATTER is before the Court on the United States' motion to dismiss the third-party claims of Paragon Commercial Bank ("Paragon") and Lynn L. Tavenner (the "Trustee"), the Chapter 7 bankruptcy trustee for the estate of defendant-Justin G. French (Dk. No. 46). Paragon and the Trustee filed claims to assets forfeited by the defendant, under 21 U.S.C. § 853(n), in *United States v. Justin Glynn French*, No. 3:11cr017 (E.D. Va. information filed Jan. 12, 2011). The issue before the Court is whether the third-party petitioners have standing to assert a legal interest in the forfeited property. Pursuant to Federal Rule of Civil Procedure 12(d), the Court converted the government's motion to dismiss into a motion for summary judgment on August 10, 2011. Fed. R. Civ. P. 12(d). Paragon and the Trustee filed timely responses to the newly-converted motion (Dk. Nos. 49, 50). The matter is now ripe for disposition.

For the reasons stated herein, the Court GRANTS summary judgment in the government's favor on both third-party claims.

## I. <u>Statement of the Case</u>

The defendant, Justin French ("French"), was charged in a criminal information with wire fraud and money laundering in violation of 18 U.S.C. § 1343 and § 1957(a). Pursuant to Federal Rule of Criminal Procedure 32.2(a), the government sought forfeiture of proceeds traceable to the commission of the defendant's alleged crime, and if property subject to forfeiture could not be located, then it sought substitute assets to the sum of, at least, $7 million. Fed. R. Crim. P. 32.2(a).

On January 24, 2011, French pled guilty to the charges and agreed to forfeit all of his interests in fraud-related and substitute assets. (*See* Plea Agreement (Dk. No. 12) ¶ 10.) French also admitted to fraudulently obtaining historic tax credits beginning in 2005. (*See* Statement of Facts ¶ 6.) On March 4, 2011, the government entered the First Consent Order of Forfeiture (Dk. No. 17), which sought a monetary judgment of $7 million and listed several assets to be forfeited. On March 14, 2011, a Second Consent Order of Forfeiture (Dk. No. 18) was entered, specifying additional assets.

On March 24, 2011, Paragon, Citizens Bank and Trust Company, and Franklin Federal Savings Bank filed an involuntary Chapter 7 petition against French in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), *In re French*, No. 3:11br31954 (Bankr. E.D.Va. 2011). On April 25, 2011, the Bankruptcy Court entered an Order of Relief and, three days later, appointed the Trustee to serve the defendant's bankruptcy estate in an interim capacity.

Thereafter, on May 3, 2011, this Court sentenced French to 192 months of imprisonment and three years of supervised release. The same day, the government entered the Third Preliminary Order of Forfeiture (Dk. No. 24).

Finally, on May 6, 2011, the Trustee filed her Verified Petition Pursuant to 21 U.S.C. § 853 ("Trustee's Petition") claiming a third-party interest in the forfeited assets, or alternatively, requesting the Court hold a joint hearing with the Bankruptcy Court to administer the forfeited property. Later that day, Paragon filed its petition ("Paragon's Petition") claiming a third-party interest in the forfeited property.

## II. Legal Standard

21 U.S.C. § 853(n) allows a third-party to "petition the court for a hearing to adjudicate the validity of [its] alleged interest in [criminally forfeited] property." 21 U.S.C. § 853(n)(2). "[T]he function of ancillary forfeiture proceedings is to resolve third-party claims of ownership." *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009). The burden is on the petitioner to establish his superior legal interest in the property by a preponderance of the evidence. *See* 21 U.S.C. § 853(n)(6).

In analyzing a petition regarding forfeited property, the Court must first, as a threshold issue, determine whether the petitioner has the requisite standing to assert its claim. A court may "dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." In considering standing, however, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). To establish standing under 21 U.S.C. § 853, a petitioner has the burden of showing a present legal interest in the specific property subject to forfeiture. 21 U.S.C. § 853(n)(2); *see United States v. Schecter*, 251 F.3d 490, 495 (4th Cir. 2001).

## III. Discussion

### A. Paragon Commercial Bank's Petition

Paragon is a general creditor of French. It contends that because "the United States has obtained from French all, or substantially all, of French's assets" in the forfeiture Plea

Agreement, Paragon qualifies under an exception to the general rule barring standing to general creditors. (Paragon's Petition ¶ 10.)[1] In response, the government argues that, as less than French's entire estate has been forfeited, the exception does not apply in this case. The Court agrees with the United States.

A majority of jurisdictions have held that an unsecured, general creditor (*e.g.* Paragon) does not have an interest in forfeited property; therefore, it cannot contest the property's takeover and distribution by the government. *See United States v. Watkins*, 320 F.3d 1279, 1283 (11th Cir. 2003) (agreeing with the majority view that "general creditors cannot be considered bona fide purchasers for value"); *Schecter*, 251 F.3d at 495 (upholding United States' motion for summary judgment because an unsecured creditor could not claim a specific interest in forfeited property when less than the entirety of the defendant's estate was forfeited); *United States v. Ribadeneira*, 105 F.3d 833, 836 (2d Cir. 1997) ("[G]eneral creditors without an identifiable legal interest in the particular assets subject to forfeiture lacked standing to contest the Final Order of Forfeiture . . ."); *see also United States v. BCCI Holdings (Luxembourg) S.A. (Petition of Chawla)*, 46 F.3d 1185, 1191 (D.C. Cir. 1995).

The Fourth Circuit, however, allows a narrow exception when the defendant's entire estate is criminally forfeited. *See United States v. Reckmeyer*, 836 F.2d 200, 205-06 (4th Cir. 1987) (allowing a father to recover loaned money to his son after all of his criminal-defendant son's assets were forfeited). Yet, if some portion of the estate has been left out of the forfeiture proceedings, the exception does not apply. *Id.* Although *Reckmeyer* offers little guidance as to the quantity of one's estate which must be left to avoid the exception, this Court has chosen to apply *Reckmeyer* narrowly. *See United States v. $3,000 in Cash*, 906 F. Supp. 1061, 1068

---

[1] The government stated in its motion to dismiss that it "has selectively forfeited French's interest in only certain assets[,]" not the entirety.

4

(E.D.Va. 1995) (stating that, because other circuits have rejected *Reckmeyer* and the decision has not been explicitly reaffirmed, "it would seem prudent to limit *Reckmeyer* to its particular facts.").

In this case, Paragon has standing under the *Reckmeyer* exception only if French has forfeited his entire estate. Paragon's situation is distinguished from *Reckmeyer*, however, because in that case, the government conceded that it took "all the discovered and undiscovered assets" of the criminal defendant. *Reckmeyer*, 836 F.2d at 206. Here, in contrast, at the time of his arrest, French owned numerous business entities, unascertained jewelry and coins, lease agreements, and other real estate which were never subject to forfeiture. Such assets demonstrate that something less than French's entire estate was made subject to the criminal forfeiture. As a result, the *Reckmeyer* exception does not apply in this case, and Paragon, as a general creditor, is without standing to challenge the forfeiture of the seized assets.

The Court grants the government's summary judgment motion as to Paragon's Petition.

B. Bankruptcy Trustee's Petition

The Trustee alleges an interest in all of French's assets as a bona fide purchaser under 11 U.S.C. § 544(a). Relying on the "relation back" doctrine, the government claims that French was divested of any interest in the forfeited property at the time of the criminal acts. *See* 21 U.S.C. § 853(c); 29 U.S.C. § 2461(c). Under this doctrine, the government's interest in the forfeited property vests at the time of the criminal acts giving rise to the forfeiture action. *Id.*; *see United States v. Zaccagnino*, No. 03-10095, 2006 WL 1005042, at *4 (C.D. Ill. Apr. 18, 2006). The government contends, therefore, that the Trustee has no interest in French's forfeited property because his bankruptcy estate may only include property in which French has an immediate

interest—an interest which he lost at the time of his criminal acts. The Court agrees that the "relation back" doctrine defeats the Trustee's standing argument.

The bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" as well as any interests under other "avoiding powers ascribed by 11 U.S.C. §§ 545, 547, 548, or 554." 11 U.S.C. § 541(a)(1); (Trustee's Petition ¶ 8.) Clearly, the avoiding powers ascribed in the above code sections do not apply to the present action.[2] Thus, French's bankruptcy estate consists only of the property held by French at the estate's creation. Codified in 21 U.S.C. 853(c), the "relation back" doctrine vests all forfeited property "in the United States upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c). Importantly, the Fourth Circuit also applies this doctrine to substitute property. *United States v. McHan*, 345 F.3d 262, 272 (4th Cir. 2003) ("[S]ubstitute property that is subject to forfeiture under § 853(p) must be read to include all property of the defendant at the time of the commission of the acts giving rise to the forfeiture.").

Neither this Court nor the Fourth Circuit has ruled on the issue of whether a bankruptcy estate's interest may trump the United States' interest when the estate was created prior to the filing of a preliminary forfeiture order.[3] Nevertheless, by operation of the "relation back" doctrine, French's forfeited property vested in the United States at the time of his criminal acts, *i.e.* in 2005—six years prior to the creation of the bankruptcy estate. Upon her appointment, the

---

[2] 11 U.S.C. §§ 545, 547, 548, and 553 allow the trustee to avoid liens placed on a debtor's property, transfers of the debtor's property to creditors around the time of the creation of the bankruptcy estate, fraudulent transfers of the debtor's property, and any offsets between a debtor and his creditors. There has been no showing of property transfers immediately prior or subsequent to the enactment of the instant bankruptcy proceeding.

[3] The court in *United States v. Zaccagnino*, No. 03-10095, 2006 WL 1005042 (C.D. Ill. Apr. 18, 2006), ruled on this very issue in favor of the government and against the bankruptcy estate. *See also United States v. One Silicon Valley Bank Account*, 549 F. Supp. 2d 940, 958 (W.D. Mich. 2008) (holding that the bankruptcy estate only has the legal interest of the debtor "as of the commencement of the case[,]" and due to the "relation back" doctrine, the forfeited assets vested in the United States prior to the commission of the criminal acts.).

Trustee merely stands in the shoes of the debtor as a bona fide purchaser. Because French lacked an ownership interest in the forfeited property at the creation of his bankruptcy estate, the Trustee also lacks an ownership interest and thus, lacks standing to challenge the forfeiture order.

The Court grants summary judgment to the government on the Trustee's petition.

### IV. Conclusion

For the foregoing reasons, the United States' summary judgment motion is GRANTED (Dk. No. 46). The previously-filed motion to dismiss (Dk. No. 34) is DENIED as moot. The petitions filed by Paragon and the Trustee are DISMISSED WITH PREJUDICE.

It is SO ORDERED

Let the Clerk send a copy of this Order to all Counsel of record.

/s/
John A. Gibney, Jr.
United States District Judge

Date: October 21, 2011
Richmond, VA